

# NUMBERS 13-25-00607-CR, 13-25-00608-CR, 13-25-00609-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**GERARDO AMADOR REYES,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

## ON APPEAL FROM THE 148TH DISTRICT COURT OF NUECES COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Justice Cron**

In the first case, trial court number 25FC-0535E, appellate number 13-25-00607-CR, appellant Gerardo Amador Reyes was accused of evading arrest or detention with a motor vehicle, a third degree felony. *See* TEX. PENAL CODE § 38.04(b)(2)(A). In the second case, trial court number 25FC-2899E, appellate number 13-25-00608-CR, appellant was

accused of assault on a public servant, a third degree felony. *See id.* § 22.01(b)(1). In the third case, trial court number 25FC-4331E, appellate number 13-25-00609-CR, appellant was accused of stalking, a third degree felony. *See id.* § 42.072(b). In separate agreements, appellant pleaded guilty to each offense and was placed on community supervision for eight years. *See* TEX. CODE CRIM. PROC. arts. 42A.101(a), 42A.103.

The State subsequently filed a motion to revoke in all three cases. In the first and second case, the State alleged that appellant committed two violations of his community supervision. *See id.* arts. 42A.104(a), 42A.108(a). In the third case, the State alleged appellant committed four violations of his community supervision. *See id.* arts. 42A.104(a), 42A.108(a). After a contested hearing on all three motions, the trial court found all of the allegations to be "true." *See id.* art. 42A.108(b). In each case, the trial court revoked appellant's supervision; adjudicated him guilty of the underlying offense; sentenced him to eight years' imprisonment; and ordered the sentence to run concurrently with the other sentences. *See id.* arts. 42A.108(b), 42A.110.

Appellant's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the trial court's judgments.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court in each case, stating that her review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's briefs meet the requirements of *Anders* as they present a professional evaluation demonstrating why there are no arguable grounds to advance on

2

appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgments. Appellant's counsel also informed this Court in writing that in each case she: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his rights to file pro se response, to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09. In these cases, despite the passage of ample time, appellant filed neither a timely motion seeking pro se access to the appellate record nor a motion for extension of time to do so. Appellant did not file a pro se response.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's briefs, and we have found

3

nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel in each case. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motions to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgments to appellant and to advise him of his right to file a petition for discretionary review.[1]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

## IV.   CONCLUSION

We affirm the trial court's judgments.

JENNY CRON
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
30th day of April, 2026.